# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:13-CV-P818-S

**TODD GRAVES**                                                                                                               **PLAINTIFF**

**v.**

**LOUISVILLE METRO DEPT. OF CORR. et al.**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Todd Graves, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. On initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court allowed Plaintiff an opportunity to amend his complaint with regard to the alleged denial of medical treatment. He has done so. The Court will now conduct initial screening on the claims in his amended complaint.

## I. SUMMARY OF CLAIMS

Plaintiff was a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). In his amended complaint (DN 11), he names as Defendants LMDC, Correct Care Solutions and Corizon Health Care, as well as Lee Zellers and Lindsay Colbert in their official capacities. Plaintiff alleges that on April 3, 2013, he slipped on a slick spot on the LMDC floor, which resulted in his being sent to the University of Louisville Hospital to have 14 staples put in his head. He states that when he was returned to LMDC, LMDC refused to clean the staples and refused to give him an MRI after he filled out a medical request for migraine headaches. He states that he still suffers from numbness in his left and right arm, "pain in shoulder," and migraines. He states that he spoke to Defendant Zellers "three or four time on grievance about being refused medial treatment." He states that "Nurse Colbert refused to clean the open

wo[u]nd on [his] head. She told me to clean it myself." He also states that he was refused pain medication and he was refused to be put on a list for an x-ray.

Plaintiff next alleges that on February 12, 2014, he was seen "by medical upper leg black and blue right hand black and blue. Left knee dark black." He states that nothing was done for pain and no x-ray was given by the nurse who saw him. Plaintiff also alleges that that nurse made racists comments to him.

He also alleges that on January 2, 2013, his hand was shut in a door at LMDC, resulting in a broken finger on his right hand. He states "medical at LMDC did nothing for that. I was also refuse to be put on a list for x ray and never nothing for pain."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid

2

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

- ***Claims against LMDC, Corizon Health Care, Correct Care Solutions, and Zellers and Colbert in their official capacities***

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Louisville Metro Government that is the proper defendant in this case. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

Likewise, if an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of LMDC in their official capacities are actually brought against the Louisville Metro Government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Louisville Metro Government, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Similarly, to allege a claim against Corizon or Correct Care Solutions for deliberate indifference, Plaintiff must show that they implemented a policy, custom, or practice that caused a deprivation of his Eighth Amendment rights. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

Plaintiff has not alleged a policy. Therefore, he has failed to state a claim against LMDC (Louisville Metro Government), Corizon, Correct Care Solutions, or Defendants Zellers and Colbert in their official capacities for the denial of medical treatment. **However, the Court will afford Plaintiff an opportunity to amend his complaint to name Defendants Zellers and Colbert in their individual capacities.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even

4

when the complaint is subject to dismissal under the PLRA.").

- *Claim related to racist comments*

Plaintiff does not name the unidentified black nurse who allegedly made racist comments to him as a defendant in this action. However, the Court will not allow Plaintiff a chance to amend his complaint to do so because his allegations relating to racist comments fail to state a claim for which relief may be granted. The Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, any claim based on racist comments made to Plaintiff must be dismissed for failure to state a claim.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED that within 30 days of entry of this Order Plaintiff may amend his complaint to name Defendants Zellers and Colbert in their individual capacities.**

The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a

§ 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint. Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing this action.

Date: May 23, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4411.009