UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TODD E. GRAVES**                                                                 **PLAINTIFF**

v.                                         **CIVIL ACTION NO. 3:13-CV-P818-CRS**

**LINDSEY COLBERT et al.**                                             **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

      Before the Court is the motion for summary judgment filed by Defendants Lee Zellars and Dr. Kad (DN 56). Because Plaintiff did not file a response, the Court extended the response time and ordered that Plaintiff could file a response within 30 days of that Order. That Order provided Plaintiff with instructions on how to respond to a motion for summary judgment and warned Plaintiff that should he fail to file a response, the Court would undertake review of the motion without benefit of a response from him.

      Plaintiff failed to file a response. Instead, he filed a "Motion for Trial," in which he moved this Court for "a speedy trial" (DN 63). Accordingly, the Court will review Defendants' motion for summary judgment and, for the following reasons, the Court will grant that motion.

I.

      The allegations pertinent to the remaining claims in this case are that on April 3, 2013, while a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), Plaintiff slipped on a slick spot on the LMDC floor and hit his head. He was taken to the hospital to get staples for his wound. Plaintiff stated that when he was returned to LMDC, LMDC refused to clean the staples and refused to give him an MRI after he filled out a medical request for migraine headaches. Plaintiff alleged that he still suffers from numbness in his left and right

arm, "pain in shoulder," and migraines. He stated that he spoke to Defendant Zellars "three or four time on grievance about being refused medi[c]al treatment."

In his amended complaint (DN 11), Plaintiff alleged that "Nurse Colbert refused to clean the open wo[u]nd on [his] head. She told me to clean it myself." In another amended complaint (DN 17), he alleged that "Nurse Colbert was working on 4/12/13 and she was the nurse doing bandaid changes and when it got time to clean my staples she refused to clean them." He also alleged that she refused him "meds over and over." He also alleged that the next day, Nurse Colbert again refused to clean his wound even though his "head was bleeding around staples."

Plaintiff further alleged that on April 14, 2013, he filled out a medical sick-call slip complaining of migraines, headache/vision problems, numbness in his arm, and pain in his shoulder. He states that he was "seen [by] Lee Zellar 3 or 4 times. This was 3 or 4 weeks later." He states that when he was seen by Dr. Kad he was told that he would be having an MRI done, but that never happened.

Plaintiff also alleged that on January 2, 2013, his hand was shut in a door at LMDC, resulting in a broken finger on his right hand. He states "medical at LMDC did nothing for that. I was also refuse to be put on a list for x ray and never nothing for pain."

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the

2

burden of proof. *Id*. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).

Defendants Zellars and Kad argue that they were not deliberately indifferent to Plaintiff's serious medical needs related to the April 3, 2013, head injury or to his alleged finger fracture. They further argue that Plaintiff failed to exhaust his administrative remedies. Because the Court finds that Defendants have demonstrated that there is an absence of evidence to show that they were not deliberately indifferent to Plaintiff's serious medical needs, summary judgment will be granted on that basis.[1]

---

[1] The Court cannot grant summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies because the LMDC grievance procedure, set out in the inmate handbook attached to the summary-judgment motion, provides that "[h]ealth care concerns . . . related to the specific treatment protocol of an inmate" are not grievable. *See Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006) (non-grievability of classification-related complaint through the grievance process renders remedy unavailable under the Prison Litigation Reform Act and exhaustion is not required); *Rancher v. Franklin Cty., Ky.*, 122 F. App'x 240, 242 (6th Cir. 2005) (holding that rule to treat medical issues as non-grievable resulted in no available administrative procedures to exhaust).

*Claim related to alleged broken finger*

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

"A constitutional claim for denial of medical care has objective and subjective components." *Blackmore*, 390 F.3d at 895. To fulfill the objective component, the prisoner must show that he is suffering from a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the subjective component, the prisoner must show that a prison official possessed a "'sufficiently culpable state of mind.'" *Id.* at 834 (citation omitted). "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005).

As Defendants argue in their summary-judgment motion, the certified medical records show that Plaintiff never complained about his finger following the alleged January 2013 incident in which Plaintiff states his finger was broken. Further, Defendant Kad's affidavit avers that:

> On January 30, 2013, Graves reported pain in his right knee and that he needed stronger medication than ibuprofen and Tylenol. On February 1, 2013, a nurse evaluated Graves for right knee pain. The nurse noted Graves had pain with movement, but no deformity, gait disturbance, numbness, swelling, discoloration, or other signs of dysfunction. Based on my medical judgment, the evaluation did not indicate that Graves required stronger analgesic medication.

> []Subsequently, in February, the providers addressed complaints concerning knee and foot pain. He did not indicate any issues concerning finger pain.
>
> * * *
>
> I see no indication that the patient suffered a fracture in his finger during the time I treated him. He reported a finger injury on October 18, 2012. Had Graves suffered a finger fracture, I would expect to see swelling, tenderness, and bruising at the facture site; inability to move the finger completely; or deformity. Graves did not display any of these symptoms. Second, Graves did not experience any long term or trouble healing from the finger. In my evaluation, Graves recovered from his injury and did not require any further work up.

(Internal citation to medical records omitted.)

Defendants have demonstrated that the evidence shows that Plaintiff did not have a broken finger in January 2013. Therefore, they could not have been deliberately indifferent to a serious medical need with regard to Plaintiff's finger. Consequently, they are entitled to summary judgment on this claim.

*Claim related to head wound*

Plaintiff alleged that his head wound was not cleaned on several occasions; that he was refused an MRI; and that he still suffers from numbness in his arms, pain in his shoulder, and migraines. The medical records submitted by Defendants show that Plaintiff did suffer a laceration to his head, for which he was taken to the University of Louisville Hospital emergency room on April 3, 2013. The emergency room records show that at that time Plaintiff's head was "non-tender," with no swelling but with a "superficial 5.0 cm laceration of the central occiput. No erythema, tenderness, swelling, abrasion or ecchymosis." The wound was closed with staples, and Plaintiff was returned to LMDC. LMDC medical records show that on April 3, 2013, Defendant Kad ordered ibuprofen and acetaminophen for Plaintiff.

Additionally, Defendant Kad avers that:

>[]After the fall and scalp laceration of April 3, 2013, Graves received the appropriate course of care for his head injury. When the nurses detected abnormality in Graves's pupils, he was immediately sent to the emergency room for evaluation. At the emergency room, the medical provider did not note any signs or symptoms of a head injury requiring further work up such as a[n] MRI. Graves's neuro-checks, a specific protocol to assess for possible brain trauma, remained normal over a several hour period. Upon return, I evaluated Graves and did not see any indication that he required further work up or a[n] MRI. I understand that the patient complains that his headache was not addressed. However, headaches are common occurrences in the jail system. When I worked him up concerning headache, there was no indication that he required further assessment or treatment for his headache beyond the pain medication prescribed. He would go through extended periods of time without headaches or complaint of headaches.
>
>[] MRIs are not used to diagnose headaches such a migraine, cluster, or tension headaches. MRIs can rule out conditions such as infection, abcess, stroke, or injuries that might – as one symptom – cause headaches. These other conditions do not present as only headache. Instead, the patient would experience other neurological signs such as confusion, altered mental status, paralysis, gait disturbance, weakness, altered reflexes, nausea, and dizziness. The patient's condition would not remain static, but change. Graves did not demonstrate any of these symptoms. In my medical judgment, Graves did not demonstrate any indication for a[n] MRI.

The evidence submitted by Defendants demonstrates that Defendants were not deliberately indifferent to a serious medical need. Plaintiff received treatment for his head wound, including pain medication, and the evidence submitted by Defendants shows that no MRI was required. The record shows that Plaintiff simply disagreed with his medical provider about needing an MRI, but such disagreement does not create a constitutional claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also White v. Napoleon*, 897 F.2d 103, 1010 (3d Cir. 1990). Defendants are entitled to summary judgment on this claim.

### *Defendant Zellars was not a medical provider*

In addition to being entitled to summary judgment because there is no evidence that Plaintiff suffered an Eighth Amendment violation, Defendant Zellars is also entitled to summary judgment because he was not a medical provider and, instead, his interactions with Plaintiff had

6

to do with Plaintiff's grievances. It is clear from Defendant Zellars' affidavit attached to the summary-judgment motion that he was not a medical provider for Plaintiff. He avers that he has a Masters of Science in Social Work. Defendant Zellars further avers that from March 1, 2013, to December 31, 2013, he was the "Health Service Administrator" at LMDC, in which position he did not provide medical care to inmates; instead, he oversaw the non-medical administration of the delivery of health services, such as budgeting and setting schedules for the nurses. He also avers that part of his duties included responding to grievances concerning medical and mental health treatment. He avers that he recalls meeting with Plaintiff "concerning grievances on inadequate medical care [and] [t]o [his] knowledge, the medical providers appropriately addressed all finger injuries and head injuries."

It appears from the evidence attached to the summary-judgment motion that Defendant Zellars' interactions with Plaintiff were related to the grievances Plaintiff filed. Plaintiff's claims are against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See, e.g.*, *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."). Consequently, Defendant Zellars is also entitled to summary judgment on this basis as well.

*Claims against Nurse Colbert*

Because the summary-judgment motion demonstrates that there is no genuine issue of material fact concerning Plaintiff's medical care, the claim against Nurse Colbert is subject to dismissal as well, despite the fact that service was never effected on her.

In particular, Plaintiff's allegations against Nurse Colbert were that she refused to clean his wound and that she refused him medication.  However, the medical records attached to the summary-judgment motion show that Plaintiff refused wound care treatment on April 11, 12, and 13, 2013.  In fact, Plaintiff signed medical releases that he refused wound care treatment on those dates.  The medical records also show that on May 4, 2013, Plaintiff refused medication, including Tylenol and ibuprofen.  Therefore, given the evidence in the record, Plaintiff's claims against Nurse Colbert fail, and those claims will be dismissed.

### III.

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment filed by Lee Zellars and Dr. Kad (DN 56) is **GRANTED**.

The Court will enter a separate Judgment.

Date:   September 26, 2016

                                                        Charles R. Simpson III, Senior Judge
                                                          United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
4411.009